IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BRYSHAAD RJ JEFFRIES,**                                            **PETITIONER**

v.                                                                          No. 1:11CV109-D-A

**STATE OF MISSISSIPPI, ET AL.**                                   **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bryshaad RJ Jeffries for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state seeks to dismiss the petition for failure to exhaust state remedies. Jeffries has not responded to the motion, and the time for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed without prejudice for failure to exhaust state remedies.

### Facts and Procedural Posture

Bryshaad Jeffries pled guilty to armed robbery and three counts of burglary and larceny of a dwelling in the Circuit Court of Lee County, Mississippi. Jeffries was sentenced on November 22, 2010, to serve a term of twenty years in the custody of the Mississippi Department of Corrections on the armed robbery charge (Cause No. CR 10-373) with ten years suspended and five years post-release supervision. In addition, Jeffries was sentenced by Order filed November 22, 2010, to serve a term of twenty years in the custody of the Mississippi Department of Corrections on each of the three burglary and larceny of a dwelling charges (Cause No. CR 10-368), with ten years suspended, with the sentences to run concurrent to each other and consecutive to the sentence imposed in Cause No. CR10-373. Jeffries has not alleged that he has

filed a collateral challenge to his guilty pleas in the circuit court or taken any appeal to the Mississippi Supreme Court concerning his pleas and sentences that are the subject of the instant federal *habeas corpus* petition.

In the present petition, Jeffries raises only one ground for relief (as stated by petitioner *pro se*):

> **Ground One**: Ineffective Assistance of Counsel /Motion to Reduce or Modify and Double Jeopardy.

Jeffries provides no argument or facts in support of the ground raised except to cite to the Fifthe and Sixth Amendment of the United States Constitution. As discussed in Jeffries' previous petition, this petition could well be dismissed on its face for failure to state a claim upon which relief could be granted. However, as Jeffries apparently does not understand why his petition was dismissed, the court will address exhaustion of state remedies in the hopes that Jeffries will be able to get his claims for post-conviction relief, whatever they may be, on track and ready for review in state court, then this court.

## Exhaustion of State Remedies

The petitioner has not presented any of the grounds listed in his § 2254 petition to any state court for any form of direct or collateral review. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied*, 116 S.Ct. 115 (1996) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion rule requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). The doctrine gives the "state courts the first opportunity to review

the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518) (citations omitted)). Jeffries has not made any attempt to present these claims for appellate court review of his conviction and sentence; as such, he has not exhausted state remedies, and this failure requires the court to dismiss the instant federal petition for a writ of *habeas corpus*. *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19).

### The Federal Clock Is Ticking

Under 28 U.S.C. § 2244(d), Jeffries has only one year from the date his conviction became final to file a petition for a writ of *habeas corpus* with this court. Jeffries pled guilty on November 22, 2010, and the one-year clock for federal *habeas corpus* relief is ticking – rapidly approaching the one-year deadline. The filing of premature federal petitions for *habeas corpus* relief do *not* stop the clock; only properly-filed *state* appeals or petitions for post-conviction relief will do that. As such, the court cautions Jeffries against seeking further relief in federal court – and urges him, instead, to first seek relief in state court. Upon completion of state court review, he may bring his claim for *habeas corpus* review in this court. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of July, 2011.

/s/ Glen H. Davidson
SENIOR JUDGE